## In re KENNEDY.

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–71686.

Decided Feb. 17, 1995.

*Michael John Downing,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on November 3, 1994 upon applicant Debra L. Branum's April 28, 1994 objection and notice of appeal to the April 11, 1994 decision of the single commissioner.

The Attorney General, applicant, and applicant's counsel attended the hearing and presented testimony, an exhibit, and oral argument for this panel's consideration.

The single commissioner had found all allowable expense, incurred for counseling services at the Haven for the victim, applicant's daughter, Trisha R. Kennedy, had been reimbursed by Medicaid, a readily available collateral source, while the allowable expense incurred for the counseling at the Haven of applicant and another daughter, Laura Kennedy, is not compensable, as this therapy was not specifically related to the victim's recovery. However, counseling services by Paul J. DiVencenzo, Ph.D., for the victim's family members were performed in order to support the victim and facilitate her recovery.

The single commissioner found that applicant's wage loss incurred to accompany the victim to medical appointments and court proceedings is compensable and referred the claim to the Attorney General for calculation. However, as the counseling expenses incurred at the Haven for applicant and Laura Kennedy are not compensable, no wage loss in connection with this counseling can be awarded.

The single commissioner denied applicant's claim for attorney fees incurred in obtaining a divorce from the offender, stating that although the victim is mentally retarded, there is no probate court guardianship involved, and the victim is in no immediate danger of contact with the offender, as his criminal case resulted in a

lengthy term of incarceration. The single commissioner states that the divorce proceedings were not legally necessary to separate the offender from the victim; therefore, work loss incurred to visit the divorce attorney's office, attend hearings, or participate in other court proceedings must also be denied.

Applicant testified she was married to the offender for thirteen years and they had two children together. Applicant also had two children from a prior marriage: Trisha R. Kennedy, the victim, and Laura Kennedy. Applicant first learned in 1990 that her then-husband, the offender, had sexually assaulted the victim; however, the victim is mentally retarded and could not confirm the criminally injurious conduct. On October 12, 1991, applicant learned of two other people the offender assaulted, and this made applicant believe what she had previously learned about the victim. Applicant immediately contacted the police and Children's Services, who told her that she could lose custody of all her children if she did not take action. Applicant made the offender move out of their home immediately. Applicant also immediately went to an attorney and filed for a divorce a few weeks later. A restraining order was issued against the offender, and he subsequently pled guilty to reduced charges prior to the scheduled trial.

Applicant states that the victim went to the Haven for counseling at the suggestion of a victims/witness assistance employee. Applicant claims that she was present for the victim's sessions, as she had to relay the victim's day-to-day activities to the counselor due to applicant's mental retardation. The applicant, Laura Kennedy, and Jennifer Branum also received treatment.

Applicant's counsel argues that the counseling of the family members is related to the recovery of the victim due to the nature of the assault and the victim's mental condition. Specifically, applicant had to tell the counselor what was happening in the victim's life, as the victim could not, and interpret for the counselor. The treatment of Laura Kennedy is also related to the criminally injurious conduct. A letter by Marcia L. Lewis, Ph.D., and Paul J. DiVencenzo, Ph.D., states, "Trisha's psychotherapy has focused on the trauma she suffered as a result of the molestation. In addition, it was necessary to provide counseling for the other family members in support of Trisha's treatment. Because Trisha is developmentally handicapped and has limited intellectual functioning, continuing family support was needed to ensure her recovery. Thus, while Trisha's therapy focused on the abuse itself, therapy for her mother and sisters focused on helping them support Trisha and facilitate her recovery."

Applicant's counsel also argues, in reference to divorce and attorney fees, that applicant had anticipated remaining married to the offender prior to learning of the criminally injurious conduct. However, after discovery of the criminally

injurious conduct, applicant reported the criminally injurious conduct, removed the offender from the home, and obtained a restraining order. Though the offender had no parental rights as to the victim and Laura Kennedy, as he is not their natural father and did not adopt them, there were two other children in the house for which he did have parental rights.

The Attorney General argued that although the counselor did not break down the counseling sessions by which portion was for the victim and which portion was for applicant, applicant's testimony shed light on the issue. The Attorney General stated that the testimony along with the documentation in the file is sufficient to consider applicant's counseling as allowable expense. However, counseling for Laura Kennedy is not compensable, as it was for her own rehabilitation. Further, Laura Kennedy continued to work and attend school while undergoing counseling and, therefore, obviously did not suffer a debilitating injury. The Attorney General further argues that once the offender was out of the family home, the fear of further injury was allayed. However, if attorney fees are compensable, the Attorney General argues that they cannot cover services provided once the offender was incarcerated. Hence, only attorney fees incurred up to July 20, 1992 can be considered.

From review of the file, with full consideration given to the testimony, exhibit, and oral argument presented at the hearing, this panel finds that in addition to the counseling for the victim, applicant's daughter, the counseling expense for the applicant is also compensable as allowable expense. This panel finds that applicant's counseling was necessary for the rehabilitation and remedial treatment and care of the victim, who is mentally retarded and who is unable to relate to the counselor without the assistance of the applicant. Therefore, wage loss incurred by applicant in order to attend the counseling sessions is also compensable. However, counseling expense incurred for Laura Kennedy, the victim's sister, is not compensable, as her counseling is not found to be necessary for the rehabilitation of the victim.

This panel also finds that attorney fees incurred up to and including the issuance of a restraining order against the offender are compensable. The offender was the applicant's husband and stepfather of the victim and had resided in the same house as the victim. The offender was also the natural father of two other children in the home and had parental rights as to those children. Hence, attorney fees incurred up to and including the issuance of the restraining order, at which point the offender was technically separated from and no longer a threat to the victim, are compensable.

Hence, the April 11, 1994 order of the single commissioner shall be set aside. The claim shall be remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of

fact and recommendation calculating allowable expense for the counseling sessions of the victim and applicant, applicant's wage loss to attend court proceedings and counseling sessions, and attorney fees incurred up to and including the issuance of the restraining order against the offender.

IT IS THEREFORE ORDERED THAT:

1. The April 11, 1994 order of the single commissioner is SET ASIDE;

2. The claim is remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation calculating allowable expense for the counseling sessions of the victim and applicant, applicant's wage loss to attend court proceedings and counseling sessions, and attorney fees incurred up to and including the issuance of the restraining order against the offender;

3. The Attorney General's finding of fact and recommendation shall now be due on or before March 20, 1995;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. A copy of this opinion and order shall be sent to Haven Counseling Services, 5273 Broadview Road, Parma, Ohio 44134;

6. Costs assumed by the reparations fund.

*Judgment accordingly.*

WILLIAM A. CARROLL, STEVEN A. LARSON and DALE A. THOMPSON, Commissioners, concur.